UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAIRO GARCIA,<br><br>Defendant. | Case No. 2:21-cr-00224-CDS-VCF<br><br>ORDER |

    The Government filed an Emergency Motion for Revocation of Magistrate Judge's Release Order[1] (the "Motion") on May 13, 2022. (ECF No. 43). The Court set an accelerated briefing scheduling. In accordance with that schedule, counsel for Mr. Garcia ("Garcia") filed an opposition to the motion on May 17, 2022. (ECF No. 45). I now issue this order granting the Government's motion.

I.    **Background Information**

    Jairo Garcia was indicted on August 11, 2021. (ECF No. 1). The indictment alleges that he committed a violation of 18 U.S.C. § 922(g)(1) and 924(c)(2). *Id.* A warrant was issued for his arrest on the same day he was indicted. (ECF No. 5). On February 23, 2022, the Defendant made his first appearance,[2] during which he was arraigned, he entered a plea of not guilty, and the magistrate judge held a detention hearing. (ECF No. 11). The Government moved for detention. (ECF No. 11). Counsel for Garcia moved for release. *Id.* Following argument of counsel regarding detention, Garcia was detained pending trial. *Id; see also* ECF No. 15. The detention order found

---

[1] ECF No. 39

[2] Garcia was transferred into federal custody from state custody pursuant to a *Writ of Habeas Corpus ad Prosequedem*. According to the information available to the Court, Garcia was booked into the Clark County Detention Center on January 12, 2022, for a probation violation on C-19-337416-1 following his release from a hospital following a shooting incident. *See* ECF No. 31 at 2.

by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (ECF No. 15 at 2). Specifically, the detention order noted that the defendant was ordered detained as a danger to the community as defined by The Bail Reform Act because:

> "This case involves the possession of a firearm and government counsel has relayed to the Court certain circumstances surrounding the arrest, including resisting an officer while in possession of a firearm and that the police were there in response to a domestic violence incident…. It is more significant to the Court that the defendant resisted arrest and that it took two officers to finally subdue and arrest him. The weight of the evidence, while the least significant factor for the Court to consider, is nonetheless strong as it suggest that while under arrest the defendant was searched and a firearm was discovered on his person."

*Id.* at 3.

The detention order also notes that while the stability of Garcia's residence is in doubt, he does have strong familial and community ties -- Garcia is married and his sister, ex-wife, and child all live in Las Vegas. *Id.* The detention order also discussed the concerning nature of Garcia's criminal history, which includes the following:

> 1) a 2012 misdemeanor conviction for carrying a concealed weapon;
> 2) a 2012 misdemeanor conviction for resisting a public officer;
> 3) a 2013 misdemeanor possession of less than one ounce of marijuana;
> 4) a 2013 misdemeanor conviction for possession of drugs not to be introduced into commerce;
> 5) a 2013 gross misdemeanor conviction for attempted carrying of a concealed weapon;
> 6) a 2015 felony conviction for carrying a concealed weapon;[3]
> 7) a 2015 misdemeanor arrest for trespass, for obstructing a public officer and for possession of drug paraphernalia;
> 8) a 2015 felony conviction for attempted ownership of a firearm by a prohibited person;
> 9) a 2018 felony conviction for battery with substantial bodily harm; and
> 10) three probation violations, including a pending violation.

*Id.* at 3-4.

Further, the Magistrate Judge noted that Garcia has several firearms related prior convictions and that he demonstrated a pattern of unlawful possession of firearms. *Id.* at 4.

---

[3] The detention order notes that Garcia failed to appear for sentencing for this case.

On May 3, 2022, Garcia filed a motion to reopen the detention hearing. (ECF No. 31). In sum, the motion to reopen argued that Garcia was seized without reasonable suspicion or probable cause after police chased him while he had his toddler in his hands. *See generally, id.* at 1. The Government opposed the motion to reopen, arguing there was no new evidence before the Court to warrant reopening the hearing, and that Garcia is still a danger to community. *See generally*, ECF No. 35.

On May 11, 2022, the Magistrate Judge granted Defendant's motion to reopen his detention hearing, and further, issued an order releasing the Defendant subject to a number of supervision conditions. (ECF No. 39). The Magistrate Judge found there was new and material information before the Court, and further that the Government failed to meet its burden demonstrating that no condition or conditions of release could be fashioned in this case to reasonably assure the safety of the community. *Id.* The Government's appeal followed.[4]

**II.   Legal Framework**

The District Court conducts a de novo review of a Magistrate Judge's detention order. *U.S. v. Koening*, 912 F.2d 1190 (9th Cir. 1990). The high standard imposed by de novo review is consistent with the goals of the Bail Reform Act, which envisioned a "more plenary" review process at the district level than at the appellate court. *Id.* at 1192. Section 3142 of Title 18 of the United States Code governs pretrial detention and release. Pursuant to 18 U.S.C. § 3142(g) the Court considers specific factors in determining whether conditions exist that will reasonably assure the appearance of a defendant and the safety of the community pending trial. Those factors include:

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

---

[4] Garcia asks me to strike the motion to reopen for not complying with the local rules. That request is denied. All parties are reminded to follow the local rules; repeated or egregious violations will be addressed accordingly.

      **(2)** the weight of the evidence against the person;
      **(3)** the history and characteristics of the person, including--
          **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
          **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
      **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).[5]

If the government demonstrates by clear and convincing evidence the factors weigh against pretrial release, the Court will deny bail. The second factor—the weight of the evidence against the defendant—is the **least important** factor, considering the risk of assessing guilt at the pre-trial stages of the prosecution. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (emphasis added).

### III.    Analysis

The Motion argues that Defendant is a danger to the community, that the Magistrate Judge's Order releasing Defendant pending trial should be reversed,[6] and that I should enter an order detaining the Defendant pending trial. I agree. In making this determination, I conducted a de novo review of the case, to include reviewing the pleadings, the body camera footage, and the audio of Garcia's February 2022 detention hearing. The Government has shown by clear and convincing evidence that Garcia poses a danger to the community.

---

[5] The time between the alleged crime and indictment (or other charging document) is not a factor set forth in 18 U.S.C. § 3142(g). There could be circumstances where that could be something to consider, but this is no such case. Here, the Defendant was arrested on December 12, 2020, while on probation and in possession of a firearm. He was indicted by a federal grand jury less than a year later.

[6] The Motion asked for a stay of the order pending my review of the magistrate judge's release order. However, the Defendant was released into state custody. Therefore, the motion to stay is denied as moot. Moreover, the Government argues that the detention hearing should not have been reopened because there was no new evidence. I disagree. If Garcia did not have the body camera footage at the time of the detention hearing, it could constitute new evidence. Therefore, I do not disturb, nor do I disagree with, the Magistrate Judge's decision to reopen the detention hearing.

i.   *Nature and circumstances of the offense charged*

The offense charged is felon in possession of a firearm. The body camera footage shows Garcia, a two-time convicted felon,[7] was in actual possession of the firearm. At the time he possessed that firearm, he was on probation for a firearms-related offense. His probation case involved not only possession of a firearm, but according to the facts proffered by the Government, Garcia shot an individual in the stomach. The victim suffered critical injuries from the shooting, which apparently was gang related in some way. Both of Garcia's felony convictions involved weapons; two of his misdemeanor convictions involved weapons.

Moreover, Garcia was evasive with law enforcement. The body camera footage shows Garcia attempting to quickly walking away from law enforcement while they were attempting to speak with him, all while holding his daughter. Then, as law enforcement are attempting to place handcuffs on him, Garcia repeatedly tightens his arms and turns towards the officers, then pulling away from the officers, making it difficult for the officers to complete their duties. His actions contribute to all parties falling to the ground. While Garcia was not aggressively combative, his actions meet the elements resisting a public officer. Pursuant to NRS 199.280, "a person who, in any case or under any circumstances not otherwise specially provided for, willfully resists, delays or obstructs a public officer in discharging or attempting to discharge any legal duty of his or her office shall be punished…for a misdemeanor." NRS 199.280(3). The Government represented to the Magistrate Judge that Garcia resisted arrest, with no further detail about the level or aggressiveness of the resisting.

ii.   *Weight of the Evidence*

While the least important factor to consider, I note that it appears the case against the Defendant is strong as his possession of the firearm is captured on body camera footage. Again, I recognize that there is on-going litigation regarding suppression of the firearm. That issue is not

---

[7] In reviewing Garcia's detention hearing, it appears the pre-trial report detailed a third felony offense, but Garcia was only convicted of 2 felony offenses.

before the Court, therefore I do not consider those issues or the substantive arguments for or against suppression of the evidence. I only note that the evidence shows the Defendant was in possession of a firearm while being a prohibited person *and* while on state probation solely for the purposes of deciding this Motion. Even without the body camera footage, the evidence shows Garcia was in violation of his state probation, he was on probation for a serious firearms offense, he has prior weapons-related convictions, and he has prior probation violations.

       iii.    *History and Characteristics of the Defendant*

The history and characteristics of the Defendant weigh in favor of finding Garcia is a danger to the community. This Court agrees with this Magistrate Judge that Garcia does appear to have familial ties to this community, and it appears he has lived here for over 20 years. These facts weigh in Garcia's favor. But this information alone does not outweigh the other information regarding Garcia's history and characteristics that demonstrate detention is appropriate in this case. That history includes not only criminal arrests and convictions, but a documented history of substance abuse.[8] Further, Garcia has documented gang associations. I do give Garcia credit for participation in the Eighth Judicial District Court's Co-Occurring Court (COOC) program,[9] and additional programming as set forth in Garcia's opposition to the Motion. However, he was revoked from COOC for some sort of violation[10] and then placed on probation. He now faces yet another probation violation. Therefore, his participation in programming alone does not tip the scale in Garcia's favor.

. . .

. . .

. . .

. . .

---

[8] I recognize that, and give credit to, Garcia for stating he was clean at the time of instant offense.

[9] The COOC is for individuals who have been duly diagnosed with mental health and substance use disorders who lack adequate support in the community. *See* http://www.clarkcountycourts.us/res/specialty-courts/CODC%20Flyer.pdf.

[10] *See* ECF No. 31-4 (Def. Ex. E) at 6.

        iv.    *The nature and seriousness of the danger to any person or the community that would be posed by the person's release.*

Garcia's history and characteristics show that he represents a danger to the community. Garcia's criminal history demonstrates his lack of willingness to comply with the terms of release. Not only is he alleged to have violated his probation in his current state case; he is now pending revocation for a second time. Further, Garcia was brought to the attention of ATF agents because he showed up at the hospital with a gunshot wound. According to the evidence provided by the Government, that shooting was related to Garcia's gang association. That ultimately led to his federal indictment.

### IV.  Conclusion

Based on its independent review of the record in this case, and for the reasons set forth in this Order, I find that the Government has demonstrated by clear and convincing evidence that there is no condition, or combination of conditions, that would reasonably assure the safety of any other person and the community.

Accordingly, **IT IS HEREBY ORDERED** that the Government's motion to stay the Magistrate Judge's release order (ECF No. 39) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Government's motion for revocation of Magistrate Judge's release order (ECF No. 43) is GRANTED.

**IT IS FURTHER ORDERED** that the Defendant be detained pending trial. A warrant shall be issued.

**IT IS SO ORDERED.**

Dated this 20th day of May, 2022.

_____
Cristina D. Silva
United States District Judge