UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff<br><br>v.<br><br>Jairo Garcia,<br><br>        Defendant | Case No. 2:21-cr-00224-CDS-VCF-1<br><br>**Order Denying Government's Motion to Stay Magistrate Judge's Order**<br><br>[ECF No. 87] |

I issue this order to clarify the status of this case, given its unique procedural posture and the events which have transpired over the last week. On January 3, 2023, I sustained defendant Jairo Garcia's objection (ECF No. 68) to Magistrate Judge Cam Ferenbach's report and recommendation (ECF No. 67) recommending the denial of Garcia's motion to suppress a firearm (ECF No. 27). *See generally* Order, ECF No. 82. After conducting a de novo review of the record and evidence in this case, I determined that the officers who arrested Garcia lacked reasonable suspicion to temporarily detain him. *Id.* at 2. I therefore granted Garcia's motion to suppress the firearm. *Id.* at 13.

Garcia then moved on an emergency basis to reopen the detention hearing. ECF No. 83. The government opposed that request, arguing that Garcia "failed to present new information material to the question of whether there are conditions of release that will reasonably assure the safety of other persons and the community." ECF No. 85 at 1. On January 6, 2023, Magistrate Judge Brenda Weksler granted Garcia's motion, ordering that he was to be released from federal custody subject to certain conditions. ECF No. 86. The government then immediately moved on an emergency basis for a stay of the magistrate judge's release order. ECF No. 87. Garcia opposed the motion to stay. ECF No. 88. I granted the government's motion and temporarily stayed the

magistrate judge's release order, pending a status hearing set for today. ECF No. 89.

At today's hearing, the government represented that Garcia is subject to a state-court proceeding and that if he were released from federal custody, he would then be transferred into state custody. On the record in open court, I construed the government's motion to stay the release order under 18 U.S.C. § 3145(a) as an appeal from the magistrate judge's release order.[1] And I announced my decision to deny the government's appeal/motion. However, as I stated on the record and reiterate again here, while I resolve the government's appeal/motion in Garcia's favor, I respectfully disagree with the magistrate judge's conclusion that release conditions for Garcia can be fashioned in such a way as to ensure the safety of the community. I also explained my finding that I am concerned about Garcia's non-appearance risk, but such concern is ameliorated—for the time being—by his pending state case, as he will be in state custody.

At the hearing, the parties agreed that the government would contact the appropriate state authorities to file a writ so that Garcia may be transferred from federal to state custody. I also reinstated my prior detention order (ECF No. 48). My intention is for Garcia to resolve his state case, potentially at an upcoming hearing he has scheduled on February 1, 2023. In the meantime, the government indicated its plan to file a motion for reconsideration of my order on the suppression motion. The parties agreed that the motion will be due this Friday, January 13. Garcia will have until Friday, January 20, to respond. No reply is necessary. I intend to rule on the government's reconsideration motion prior to the February 1 hearing in state court.

DATED: January 9, 2023

_____
Cristina D. Silva
United States District Judge

---

[1] I do so under LCR 12-3, which sets forth the requirements for seeking review of a magistrate judge's release order.