UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

United States of America,

              Plaintiff

  v.

Jairo Garcia,

              Defendant

Case No. 2:21-cr-00224-CDS-VCF-1

**Order Denying Motion for Reconsideration**

[ECF No. 94]

      Earlier this month, I granted defendant Jairo Garcia's motion to suppress a firearm after finding that the officers who arrested Garcia lacked reasonable suspicion to temporarily detain him. ECF No. 82. Ten days later, the government filed a motion for reconsideration of that order, urging me to reexamine one of the cases I referenced and to consider a case not included in my order. ECF No. 94. Garcia opposes the government's motion and argues that the government is "restat[ing] arguments already made and does not point to any clear error or manifest injustice." ECF No. 100 at 2. I directed the parties that a reply brief would not be accepted, and one has not been filed. Having considered the government's arguments, I find that its cited cases are inapplicable to the circumstances of this case, and I decline to alter my ruling on the motion to suppress. I therefore deny the government's motion for reconsideration and direct that the suppression order stands.

I.      **Legal standard**

      Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district

court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). "A motion to reconsider must provide a court with valid grounds for reconsideration by: (1) showing some valid reason why the court should reconsider its prior decision, and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Haw. Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)).

## II.   Discussion

At this stage, the parties are familiar with the underlying facts, so I do not repeat them here.[1] The government tenders the following three arguments[2] in favor of reconsideration: (1) a case that I referenced in my suppression order—*Brizuela v. City of Sparks*, 2022 WL 3229389 (D. Nev. Aug. 10, 2022), *appeal docketed*, No. 22-16357 (9th Cir. Sept. 9, 2022)—is factually distinct from the facts here and is therefore inapplicable; (2) I should have relied on a case—*State v. Lisenbee*, 13 P.3d 947 (Nev. 2000)—in interpreting Nevada's statute criminalizing resisting a public officer, NRS § 199.280; and (3) Garcia's "resistance and attempted flight . . . was the intervening event that purged any taint from the officer's initial stop." ECF No. 94 at 6–13.

---

[1] A summary of the facts is available in my suppression order. ECF No. 82 at 2–5.

[2] As Garcia points out, the government presents a revised summary of facts in its reconsideration motion and seemingly takes issue with the facts as presented in my suppression order. ECF No. 100 at 3–4 (citing ECF No. 94 at 1–3). But the government does not seek reconsideration on any factual basis— rather, its arguments are based exclusively on my application of the law. *See* ECF No. 94 at 6–13. While motions for reconsideration may be based on "newly discovered evidence," the government presents no such evidence here. *Carroll*, 342 F.3d at 945. Nor did it seek to hold an additional evidentiary hearing to present any new evidence. I decide the government's motion for reconsideration, therefore, based on the evidence available to the court at the time that I granted the motion to suppress, which is the same as that which is before the court today.

2

        *a.*      *I did not err in relying upon* Brizuela *as persuasive authority supporting my plain reading of NRS § 199.280, finding that an officer's lawful conduct is an essential element of the statute.*

In my order suppressing the firearm, I concluded that the officers initially conducted a *Terry* stop of Garcia, not an arrest. ECF No. 82 at 6–8. I also found that the officers lacked reasonable suspicion to initially stop Garcia, the firearm eventually recovered from Garcia was the fruit of an unlawful search, and it therefore must be suppressed. *Id.* at 8–13. Originally, the government argued that the firearm "was found during a lawful search incident to arrest 'for an independent criminal act' after Garcia 'committed a separate and distinct crime of [r]esisting or [o]bstructing a [p]ublic [o]fficer.'" ECF No. 82 at 12 (citing ECF No. 34 at 7–8). "The government cite[d] NRS § 199.280 as the statute that Garcia violated when he resisted the officers." *Id.* And "Garcia question[ed] whether the officers were engaged in a 'legal duty' when they arrested him because their initial detention of him violated his Fourth Amendment rights.'" *Id.*

The government argues that "there is a critical distinction between this case and *Brizuela*" and that I erred in relying upon it. ECF No. 94 at 5–6.[3] I looked to *Brizuela* as persuasive authority supporting my plain reading of the statute and found that "[b]ecause the officers lacked reasonable suspicion to detain Garcia, they were not carrying out a lawful duty when they detained—or later, arrested him." ECF No. 82 at 12. I quoted these portions of the decision in *Brizuela*: "'the lawfulness of a police officer's conduct is an essential element of NRS § 199.280'" and "'the lawfulness of an officer's conduct is a condition precedent to the criminalization of resisting an officer, both as a matter of common sense and from the plain meaning of the statutory text.'" *Id.* (citing *Brizuela*, 2022 WL 3229389 at *28). In the order, I noted that "I f[ou]nd that reasoning persuasive and adopt it here." *Id.* I ultimately concluded that the

---

[3] The government also notes, as I did, that a notice of appeal was filed in *Brizuela*. *Compare* ECF No. 94 at 6 n.4 *with* ECF No. 82 at 12. Nothing prohibits me from relying on a case as persuasive authority merely because an appeal of that decision is pending. As of the date of this order's filing, the appeal has still yet to be decided. As such, *Brizuela* remains persuasive authority.

lawfulness of the officers' conduct was an "element of the statute [that] is lacking here" and that "Garcia thus could not have committed the crime of resisting an officer, so the search that the officers performed was not incident to a lawful arrest." *Id.* On that basis, I suppressed the firearm because it was ultimately recovered as a result of an illegal stop—and although the officers were responding to a call for service—the illegal detention of Garcia was not lawful,[4] and he therefore could not be charged with or convicted of resisting a public officer under Nevada's statutory scheme.[5]

The government points out that the parties did not have the opportunity to brief the *Brizuela* case in their original filings because *Brizuela* was not decided until August 10, 2022, and the motion to suppress was fully briefed—and the evidentiary hearing conducted—before then. ECF No. 94 at 4–5. I agree that because the parties could not brief the *Brizuela* case in their original filings, a motion for reconsideration is the proper procedural vehicle through which they may do so now. But my alignment with the government's position ends there. I was permitted to look to *Brizuela*, a case decided by a different judge in this district, as persuasive authority. "District court opinions are relevant for their persuasive authority[,] but they do not bind other district courts within the same district." *City of Fresno v. United States*, 709 F. Supp. 2d 888, 909 (E.D. Cal. 2010) (citing *Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001)). "It should go without saying that courts may rely on persuasive but nonbinding authority so long as it is in

---

[4] This is not a finding that the officers engaged in behavior that could be classified as *Giglio* material or otherwise. *See Giglio v. United States*, 405 U.S. 150 (1972). It is merely a determination that—under the totality of the circumstances and the record before the court—there was insufficient basis to stop, and thereafter seize, Garcia.

[5] The court recognizes that this conclusion may seem at odds with my earlier order granting the government's emergency motion for revocation of the magistrate judge's release order. ECF Nos. 43, 48. In that order, I found that Garcia's "actions [did] meet the elements [of] resisting a public officer." ECF No. 48 at 5. However, at that juncture, I was evaluating the bail reform factors and addressing Garcia's allegations that the government had misrepresented whether Garcia resisted an officer. *See generally* ECF No. 48. I did not address the legality of the initial stop, as that question was not before the court at that time. *Id.* at 5–6 (I even noted that "I recognize that there is on-going litigation regarding suppression of the firearm. That issue is not before the Court, therefore I do not consider those issues or the substantive arguments for or against suppression of the evidence.").

line with the rules that do bind them." *JW Gaming Dev., LLC v. James*, 544 F. Supp. 3d 903, 926 n.13 (N.D. Cal. 2021). Indeed, no rules prevent me from looking to *Brizuela* for guidance as to how courts have interpreted NRS § 199.280.

It is well established that "[a] statute's plain meaning controls its interpretation." *Mullner v. State*, 406 P.3d 473, 476 (Nev. 2017) (citing *Bergna v. State*, 102 P.3d 549, 551 (2004)). "Thus, when the language of a statute is plain and unambiguous, such that it is capable of only one meaning, this court should not construe that statute otherwise." *MGM Mirage v. Nev. Ins. Guar. Ass'n*, 209 P.3d 766, 769 (Nev. 2009) (citing *Nev. Power Co. v. Public Serv. Comm'n*, 711 P.2d 867, 869 (Nev. 1986)). My reading of the plain meaning of NRS § 199.280 is that in order for someone to commit the offense of resisting a public officer, that officer must be "discharging or attempting to discharge any legal duty of his or her office." NRS § 199.280. This comports with the *Brizuela* court's interpretation, which is why I noted that I found the reasoning persuasive and adopted it as my own in the suppression order.[6] ECF No. 82 at 12. While the underlying facts of the *Brizuela* case may, indeed, have been distinct from those here, the court's interpretation of the elements of the resisting-a-public-officer statute was persuasive, and it was not clear error for me to consider it in granting the motion to suppress.

---

[6] I further note that the *Brizuela* court referenced another case in which it compared Nevada's resisting-a-public-officer statute to the equivalent one in California: "In the only case that required the [c]ourt to consider whether the legality of an officer's conduct is a prerequisite to liability, the [c]ourt analogized to California Penal Code § 148(a)(1). *See Carlsson v. Craig*, Case No. 3:14-cv-00091-MMD-VPC, 2016 WL 2954016, at *4 n.3 (D. Nev. Apr. 8. 2018) (report and recommendation noting that California courts have determined § 148(a)(1) makes 'the lawfulness of the officer's conduct . . . an essential element of the offense' and concluding that 'given the provision's language with regard to the officer's "legal duty," the court is persuaded that § 199.280 encompasses a similar requirement'); *see also Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015) ('Notably, for a § 148(a)(1) conviction to be valid, a criminal defendant must have resisted, delayed, or obstructed a police officer in the *lawful* exercise of his duties.') (cleaned up, emphasis in original)." Recognizing that *Carlsson* was decided by the same judge as *Brizuela* and again acknowledging its limitations as persuasive, not binding, authority, I find that the comparison of California Penal Code § 148(a)(1) to NRS § 199.280 is fair and useful in finding that the lawfulness of an officer's conduct is a condition precedent to someone committing the offense of resisting a public officer.

      *b.*    *Lisenbee is inapplicable here because I never found that Garcia fled from the officers.*

Next, the government contends that my suppression order does not reference the *Lisenbee* case, a case which—according to the government—"necessarily implies that officers *lawfully arrested* the fleeing suspect, despite the *unlawfulness of the initial seizure*." ECF No. 94 at 4–5, 8–10. The government incorrectly states that I found that "Garcia was actively resisting officers and attempting to flee when the officers arrested him."[7] *Id.* at 7. Garcia responds that "this [c]ourt did not find Mr. Garcia fled." *See, e.g.*, ECF No. 100 at 3, 8. And nothing in my suppression order indicates such a finding. I found that Garcia complied with the officer's request to enter the courtyard and that within ten seconds of encountering Garcia, the officers had their hands on him. ECF No. 82 at 4–5. I also found that he struggled against the officers, but only after they had wrongfully seized him. *Id.*

The government classifies *Lisenbee* as occurring under "functionally identical circumstances" to this case. ECF No. 94 at 6. It also relies on *Lisenbee* for the proposition that "[a] suspect who is initially unlawfully detained and then flees and/or resists arrest cannot thereafter claim Fourth Amendment protections based on the initial unlawful seizure." *Id.* at 8 (citation omitted). But it is precisely because of the factual distinctions between *Lisenbee* and this case that I chose not to rely on it in granting the motion to suppress, and I decline to rely on it now. In *Lisenbee*, the defendant fought with police officers, ran from them, was tackled, and then escaped and ran again. *Lisenbee*, 13 P.3d at 949. The Nevada Supreme Court found that the *Lisenbee* defendant was not entitled to Fourth Amendment protections because he first broke free—and ran, twice—from the police after a consensual, lawful seizure. *Id.* at 949–51. The critical distinction here is this: I found that the officers did not have reasonable suspicion to stop Garcia. In other words, the seizure was illegal. Because Garcia did not flee from the officers, he was entitled to Fourth Amendment protections, and the *Lisenbee* case is inapplicable here.

---

[7] *See supra* n.5.

      c.    *The government mistakenly focuses on Garcia's purported resistance, rather than on the illegality of the initial stop.*

Lastly, the government argues that "Garcia's unlawful behavior breaks the chain between the initial seizure and the search incident to lawful arrest." ECF No. 94 at 10 (citations omitted). It contends that "[t]he search and seizure of Garcia's gun was not the result of the initial seizure, it was the result of *Garcia's conduct* of resisting a public officer." *Id.* at 11. This is the same argument that the government already made and I rejected. *See, e.g.*, ECF No. 34 at 7–8. Motions for reconsideration are improper if used "to ask the [c]ourt to rethink what the [c]ourt had already thought through—rightly or wrongly." *Ramsey v. Arizona*, 2006 WL 2711490, at *1 (D. Ariz. Sept. 21, 2006) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Such disagreements should be dealt with in the normal appellate process." *Id.* (citing *Database Am., Inc. v. Bellsouth Adver. & Pub'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)). A motion for reconsideration is not an opportunity for a party to have a second bite at the apple. As I have already addressed— and rejected—this argument in my suppression order, I decline to do so again here.

## III.   Conclusion

IT IS THEREFORE ORDERED that the government's motion for reconsideration **[ECF No. 94] is DENIED**. The order suppressing the firearm **[ECF No. 82]** stands.

DATED: January 30, 2023

                                                                     _____
                                                                       Cristina D. Silva
                                                                       United States District Judge